**UNITED STATES ATTORNEYS OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> JOSEPH MINUTO, <br><br> Debtor. | Chapter 13 <br><br> Case No. 18-10161-VFP <br><br> Judge: Vincent F. Papalia <br><br> Hearing Date: March 15, 2018 <br> Hearing Time: 10:00 a.m. |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S SECOND MODIFIED CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Second Modified Chapter 13 Plan (the "Plan") [ECF Doc No. 28]. In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1. Joseph Minuto (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on January 3, 2018 (the "Petition Date") [ECF Doc. No. 1].

2.  The Debtor has unpaid federal income tax liabilities for numerous tax years. *See* Claim No. 1. The Debtor has also failed to file Form 1040 federal income tax returns for tax years 2016 and 2017. *Id.* Prior to the Petition Date, the Service filed a Notices of Federal Tax Liens (the "Tax Liens") against the Debtor. *Id.* Pursuant to 26 U.S.C. § 6321, the Tax Liens encumber all of the Debtor's "property and rights to property, whether real or personal."

3.  The Service filed a proof of claim against the Debtor in the amount of $75,245.79 (the "Service Claim"), comprised of: (i) a secured claim under 11 U.S.C. § 506(a), in the amount of $69,678.04 (the "Secured Claim"), which amount is secured by the Tax Liens on Debtor's scheduled real and property[1]; (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $4,743.57[2] (the "Priority Claim"); and (iii) an unsecured non-priority claim of $824.18. *See* Claim No. 1.

4.  For the reasons described below, the Plan is not confirmable.

## OBJECTION

### A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

5.  With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. Contrary to section 1325(a)(5)'s

---

[1] *See* Debtor's Scheduled A/B: Property [ECF Doc. No. 1].
[2] This amount is estimated because, as noted above, the Debtor has failed to file tax returns for periods entitled to priority under Bankruptcy Code section 507(a)(8).

2

requirements, the Plan still fails to calculate (and provide for payment of) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of post-confirmation interest on secured claims). The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (4%) applies to deferred payments of federal taxes. 11 U.S.C. § 511(a).

6. Although Debtor's counsel has represented to the Service that he intends to "object" to the payment of interest on the Secured Claim, there is no valid basis for such an objection. As noted above, the payment of post-confirmation on secured claims is required by statute. The Plan is therefore unconfirmable in its present state.

### B. The Plan is Generally Unconfirmable Based on Debtor's Failure to File Tax Returns

7. As noted above and in the Service Claim, the Debtor failed to file multiple federal income tax returns for tax years 2016 and 2017. Pursuant to Bankruptcy Code section 1308(a), the Debtor was required to file all tax returns due within four years of the Petition Date. 11 U.S.C. § 1308(a). The Debtor has failed to comply with Bankruptcy Code section 1308 by filing the required returns. This failure renders the Plan unconfirmable under Bankruptcy Code section 1325(a)(9), which requires, as a prerequisite to confirmation, compliance with section 1308. 11 U.S.C. § 1325(a)(9).

8. The Debtor's failure to file returns due outside the time period covered

by section 1308 also renders the Plan unconfirmable under Bankruptcy Code section 1325(a)(3). That section requires that a plan be "proposed in good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3). The Debtor's failure to file *all returns* necessary for the Service to calculate its claim precludes the Debtor from meeting this requirement. *In re Weik*, 526 B.R. 829, 835 (Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a chapter 13 plan without having filed *all required tax* returns is contrary to § 1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by law.'" (emphasis added)). Thus, until all of the delinquent returns are filed, the Plan cannot be confirmed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: March 7, 2018

    CRAIG CARPENITO
    United States Attorney

    */s/ Eamonn O'Hagan*
    EAMONN O'HAGAN
    Assistant U.S. Attorney

    *Attorneys for the United States of America*